# The Manheim, Petersburg and Lancaster Turnpike or Plank Road Company *versus* Arndt.

It is involved in the nature of a subscription to the stock of a company to construct a road from one place to another, that the *termini* are part of the contract.

If the company procure an Act of Assembly altering the *termini* of the road, the subscriptions are no longer binding.

ERROR to the Common Pleas of *Lancaster county*.

This was an action of debt brought by the Manheim, Petersburg and Lancaster Turnpike or Plank Road Company, against John Arndt, to recover $250, the price of ten shares of stock in the plaintiffs' road, subscribed for by the defendant.

The Manheim, Petersburg and Lancaster Turnpike or Plank Road Company was incorporated on the 9th May 1850, to construct an artificial road from the north end of Prussia street, in the borough of Manheim, by the nearest and best route, to Petersburg and Lancaster.

The plaintiffs commenced a plank road at Lancaster, carried it to Petersburg, and in 1852 the road was progressing towards Manheim. In this posture of affairs, the plaintiffs' agent called on the defendant, and induced him to subscribe for ten shares of their stock. The defendant was the owner of real estate fronting on Prussia street, the whole of which, by the construction of the road, as contemplated in the act of incorporation, would have been planked or macadamized.

By a supplement to the act of incorporation, passed the 5th April 1855, the plaintiffs were authorized to "stop with the said road at its present *terminus*, or at any point between said *terminus*, in the borough of Manheim, and the starting point designated in its charter." The company accepted this supplement, and did not construct their road to its original *terminus*, past the property of the defendant.

On the trial, the defendant offered to prove, that he "subscribed

[Plank Road Company *v.* Arndt.]

upon the express condition, that the plank road was to be constructed through the borough of Manheim, as the charter required; to be followed by evidence that the road never was constructed through the borough of Manheim, although completed to said borough; that no work has been done upon it within the borough of Manheim, and that the company has since procured a supplement to their charter, which relieves them from the necessity of making the road through the said borough."

The plaintiffs objected to this offer; but the learned judge admitted the evidence, and sealed a bill of exceptions.

The court below (HAYES, J.) then charged the jury: "That if the plaintiffs, by their authorized agent, agreed before this subscription was taken, and as an inducement for the defendant to subscribe to make the road from the north end of Prussia street, through the borough of Manheim, working towards Petersburg, and upon such undertaking the defendant made this subscription, and if the company have refused to make the road according to that agreement, it would be against equity and good conscience to compel the defendant to pay his subscription."

To this charge the plaintiffs excepted; and a verdict and judgment having been given for the defendant, the plaintiffs removed the cause to this court, and here assigned for error: 1. The admission of the evidence objected to on the trial.    2. The charge of the court, as above set forth.

*Brown*, for the plaintiffs in error.—The evidence complained of was clearly inadmissible; its effect was to contradict a written agreement under seal by parol evidence : Sennett *v.* Johnson, 9 *Barr* 335; Stub *v.* Stub, 3 *Barr* 255; Seitzinger *v.* Ridgway, 4 *W. & S.* 472; Woods *v.* Wallace, 10 *Harris* 171; Kennedy *v.* Erie and Wattsburg Plank Road Company, 1 *Casey* 224.

There is error in the charge of the court.   By the terms of the act of incorporation, the company had three years within which to commence the road; and ten years within which to complete it. The payment of the stock, severally subscribed by the stockholders, was a condition precedent to the completion of the road. The agreement of the stockholders with each other, upon their subscribing to the capital stock of the company, was to pay their stock according to the terms of subscription; and the money to be appropriated to the construction of the road. It is contrary to reason and common sense, and it is certainly not law, for a stockholder who has subscribed to the capital stock of a public improvement, to ask that the improvement be completed before he pays the money, which he has subscribed for the very purpose of making it.

*Hiester*, for the defendant in error.—The parol evidence was

[Plank Road Company v. Arndt.]

admitted not to contradict or vary the terms of subscription, but to prove the inducement and consideration therefor. It was properly received for this purpose: Geiger *v.* Cook, 3 *W. & S.* 266; Clement *v.* Reppard, 3 *Harris* 111; McCulloch *v.* McKee, 4 *Harris* 289. Again, the parol testimony was clearly admissible under the allegation of fraud in the procurement of the subscription: Campbell *v.* McClenachan, 6 *S. & R.* 171; Miller *v.* Henderson, 10 *S. & R.* 290; Stubbs *v.* King, 14 *S. & R.* 207; Renshaw *v.* Gans, 7 *Barr* 117; Ayers' Appeal, 4 *Casey* 179.

The view of the case taken by the court below, obviates the necessity of defendant's claiming exemption from his subscription, on account of the alteration of the plaintiffs' charter by the supplement of April 5th 1855, and the acceptance thereof by the company. Proof of the defendant's motive in subscribing, and the change of charter affecting the part of the road supplying the motive, ought to release him, under the authority of Turnpike Company *v.* Phillips, 2 *Penn. R.* 184, and Mercer County *v.* Coovert, 6 *W. & S.* 70.

The opinion of the court was delivered by

LOWRIE, C. J.—We do not see that the oral testimony, admitted in this case, at all affects the terms of this subscription; for it is involved in the nature of a subscription to the stock of a company, for making a road from one place to another, that the *termini* are part of the contract. This company has obtained an Act of Assembly to excuse them from one of the *termini;* and the jury have found that they now refuse to make the road to that *terminus.* They are, therefore, asking to enforce a contract, of which they refuse to perform one of the conditions. They want to enforce the payment of the subscription, in order to apply the money to a different enterprise from the one subscribed to. They have altered the contract duty which they were to perform for and by the stock, and yet wish to enforce, unaltered, the correlative duty. This, of course, cannot be done. The Act of Assembly was not intended to impair or alter the contract of subscription; but only to relieve the company from a part of its public duty.

Judgment affirmed.