## Spellier Electric Time Co. *v.* Leedom, Appellant.

*Corporation—Stock—Failure to obtain full subscription—Affidavit of defence.*

Where a subscription paper to the stock of a proposed corporation recites that 6500 shares are to be issued to the subscribers therefor, and that the undersigned are desirous of subscribing for the number of shares of said 6500 shares set opposite their names, and states that the undersigned subscribers, for and in consideration of the subscriptions of each other, agree to accept the number of shares set opposite their respective names

and pay the par value thereof, in cash, in the following manner, viz., etc., an affidavit of defence, in an action brought to recover unpaid calls, which alleges that only a part of said 6500 shares has been subscribed for in cash, is sufficient to prevent judgment.

Argued March 31, 1892.    Appeal, No. 127, Jan. T., 1892, by defendant, Joseph Leedom, from judgment of C. P. No. 2, Phila. Co., June T., 1891, No. 373, for want of a sufficient affidavit of defence.    Before Paxson, C. J., Green, Williams, Mitchell and Heydrick, JJ.

Assumpsit for unpaid calls on a stock subscription.

The defendant had signed a subscription paper, a copy of which was annexed to the statement, which recited that the Spellier Electric Time Company was to be organized under the laws of the state of New Jersey, with an authorized capital of $200,000, divided into 20,000 shares of the par value of $10 each; that 3500 shares were to be issued to certain persons as part payment for property purchased, and $18,000 paid them in cash in addition, continuing as follows:

" And whereas, the remaining 6500 shares of said capital stock are to be issued to the subscribers therefor, the par value thereof to be paid in cash in the following manner, viz. : 25 per centum thereof at the time of subscribing therefor, and the remaining 75 per centum thereof in such installments, at such times, as shall be determined by the board of directors of said company.

" And whereas, the undersigned are desirous of subscribing for the number of shares of said last-mentioned 6500 shares of said capital stock set opposite to their names, upon the terms aforesaid ;

" Now, therefore, the undersigned subscribers, for and in consideration of the subscription of each other for said capital stock, do by these presents agree to accept the number of shares of said capital stock set opposite to their respective names, and pay the par value thereof in cash in the following manner, viz. : 25 per centum thereof to the Union Trust Co. of Philadelphia at the time of signing these presents, in trust, to be paid to the treasurer of ' The Spellier Electric Time Co.' aforesaid, immediately after its organization as aforesaid, and a treasurer shall have been elected therefor, and the remaining 75 per centum thereof in such installments, at such times, as it shall be called

by the board of directors of 'The Spellier Electric Time Co;' and do hereby subscribe therefor as follows."

The affidavit of defence alleged, inter alia, "that only $50,000 or thereabouts of said capital stock had been subscribed for in cash;" also that affiant's subscription of $1,000 was made upon verbal representations that it made the total amount subscribed $100,000.

The certificate of incorporation, under the name of "The Articles of Association," is referred to in the opinion. It was not made part of the statement, nor of the affidavit of defence, but a copy of it was printed in the appellee's paper book. The statement averred that the defendant signed the certificate of incorporation; and the affidavit averred that the defendant had no recollection of doing so.

The court below made absolute a rule for judgment for want of a sufficient affidavit of defence.

*Errors assigned,* were (1) making absolute the rule for judgment; (2) not discharging same.

*J. Jefferson Day* and *David W. Sellers,* for appellant.

*Charles Henry Hart,* for appellee.

OPINION BY MR. JUSTICE GREEN, May 9, 1892:

We are of the opinion that upon the facts set forth in the affidavit of defence in this case, a sufficient prima facie defence was alleged to carry the cause to a jury. The articles of association provided that the actual capital stock of the plaintiff company was to be $200,000 in 20,000 shares of $10 each. That of these, 3500 were to be paid, together with $18,000 in money, to the promoters for their patents and personal property, and that 16,500 shares were to be paid for in cash, and that business was to be commenced with $10,512.50, being 25 per cent. of the par value of 4205 shares of the 16,500 of the cash subscriptions. The affidavit alleges that in point of fact only about $50,000 of the cash subscriptions were made, whereas the articles of association required that $165,000 of cash subscriptions should be made in order to create the capital which was fixed at $200,000. Independently of any verbal misrepresentations as to the amount of capital subscribed when the defendant made his subscription, this very great discrepancy between the amount required by the articles and the actual

subscriptions, raises a question as to the validity of the charter which ought not to be adjudged conclusively upon an affidavit of defence.

What explanations there may be of so serious a discrepancy, and whether the charter may still be regarded as in compliance with the law, are matters which cannot even be considered now, and when they are heard the duty of explanation will rest with the plaintiff. A subscriber to stock in a proposed incorporation has, at least, the right to expect that the capital named in the articles shall be raised, because the articles explicitly so state, and they are necessarily to be considered in deciding what are the terms of the subscriber's contract. In this case, however, even the 6500 shares which, by the terms of the subscription paper signed by the defendant, were to be raised, were never subscribed, and it is difficult to understand how we are to hold the defendant absolutely liable for the whole amount of his subscription, when this important express term of the very contract in suit has not been carried out. We have not the laws of New Jersey before us, and we do not know to what extent the validity of the plaintiff's charter may be affected by the discrepancies referred to, but we would be proceeding rashly if we were now to determine absolutely, without argument of the question, and without knowledge of the laws of the state within which the plaintiff's charter was obtained, that the defendant is legally bound to pay his full subscription in the face of such a serious apparent defect in the proceedings to obtain the plaintiff's charter, and so important a variance from the express terms of the subscription contract upon which the present action is brought.

Judgment reversed and procedendo awarded.