# Quaker City Apartment House Company v. Matthews, Appellant.

*Corporations—Stock subscription—False statement in prospectus.*

In an action by a foreign corporation to recover on a stock subscription, where it appears that appended to the stock subscription was a prospectus which set forth that the company had purchased a property particularly designated, as a site for an apartment house, and that such a building was being erected thereon, an affidavit of defense is sufficient which avers that the plaintiff had never purchased the property designated, and, on account of its being a foreign corporation, could not purchase it, that the building was being erected by another corporation, and that defendant was induced to sign the stock subscription on the strength of such representations.

Argued Oct. 7, 1902. Appeal, No. 272, Oct. T., 1901, by defendant, from order of C. P. No. 5, Phila. Co., June T.,

1901, No. 2391, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of Quaker City Apartment House Company v. Francis B. Matthews. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit on a subscription to stock.

The averments of the statement of claim and the affidavit of defense sufficiently appear by the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Thomas McConnell, Jr.*, with him *J. Henry Williams*, for appellant.—The defendant was induced to sign the agreement by false representations as to other subscribers : Custar v. Titusville Gas & Water Co., 63 Pa. 381 ; Lare v. Westmoreland Specialty Company, 155 Pa. 33 ; Pittsburg & Connellsville R. R. Co. v. Stewart, 41 Pa. 54 ; Caley v. Philadelphia & Chester County R. R. Co., 80 Pa. 363 ; Hanover Junction, etc., R. R. Co. v. Haldeman & Co., 82 Pa. 36.

As the agreement was made in Pennsylvania, its conditions requiring the ownership of land in Pennsylvania and the erection of a building thereon by the plaintiff, a foreign corporation not registered in Pennsylvania, were therefore void under the Act of April 22, 1874, P. L. 108 : People's B. L. & S. Assn. v. Berlin, 15 Pa. Superior Ct. 393 ; Wildwood Pavilion Co. v. Hamilton, 15 Pa. Superior Ct. 389.

The subscription agreement contained representations that the company owned land in Pennsylvania and that the subscriptions were to be used in erecting a building thereon, both of which representations were relied upon by the defendant, and have proven to be false and impossible under the law.

It is unquestionably true that where one is induced to make a subscription to the capital stock of a company by fraudulent representations or false statements . . . . the contract may be avoided by the subscriber : Crossman v. Penrose Ferry Bridge Co., 26 Pa. 69 ; Plank Road Co. v. Arndt, 31 Pa. 317 ; Muncy Traction Engine Co. v. Green, 143 Pa. 269 ; Spellier Elec. Time

Co. v. Leedom, 149 Pa. 185 ; Lare v. Westmoreland Specialty
Co., 155 Pa. 33 ; Caley v. Phila. & C. Co. R. R. Co. 80 Pa.
363 ; Filson v. Himes, 5 Pa. 452.

*Reynolds D. Brown,* with him *Malcolm Lloyd, Jr.,* and *Charles
H. Burr, Jr.,* for appellee, cited : Holton v. Noble, 83 Cal. 7 (23
Pac. Repr. 58) ; Ins. Co. v. Floyd, 74 Mo. 286 ; Graff v. Pitts-
burg, etc., R. R. Co., 31 Pa. 489 ; Robinson v. Pittsburg, etc., R.
R. Co., 32 Pa. 334 ; Miller v. Hanover Junction, etc., R. R. Co.,
87 Pa. 95 ; Connecticut, etc., R. R. Co. v. Bailey, 24 Vt. 465.

OPINION BY RICE, P. J., December 13, 1902 :

In an action of assumpsit on an agreement to subscribe to the
stock of a foreign corporation not registered in Pennsylvania,
it appeared from the statement of claim that the prospectus
which was attached to and made part of the subscription agree-
ment contained the following representation : " The company
has purchased the property corner of Thirty-sixth and Chest-
nut streets, for the purpose of erecting thereon the Norman-
die Apartment House, and now offers for sale 20,000 shares
of six per cent preferred stock at $5.00 per share." It was
further alleged in the statement of claim, " that the Normandie
Apartment House is being erected at the present time in all
respects in accordance with the terms of the prospectus afore-
said." It was averred in the second supplemental affidavit of
defense, that without the above representation the defendant
would not have signed the subscription agreement, that the rep-
resentation that the plaintiff company had purchased said prop-
erty was false and " that it had not at that time nor has it since
purchased said property, nor could it then nor at any time since
purchase or own said property, on account of its being without
authority to own real estate in Pennsylvania, and the defendant
further avers that the Normandie Apartment House is not be-
ing erected by the plaintiff as set forth in the prospectus afore-
said, but that the said property is owned and registered in the
name of the Normandie Apartment House Company, another
and a different corporation by which the said apartment is be-
ing erected on the lot aforesaid." Whatever may be said of
the defenses set up in the original and first supplemental affi-
davits of defense, we think it clear that the averments above

referred to and quoted were sufficient to prevent summary judgment and entitle the defendant to a jury trial. The obvious inducement to the defendant's subscription was that the company had purchased the land described and was about to erect an apartment house thereon. The money was to be used for that purpose. The representation was not merely that of an officer or agent of the corporation but was part of the contract itself. The plaintiff recognized its materiality when it alleged in its statement of claim, that the purpose for which the subscription was given, was being carried out, but the truth of that averment, as well as the truth of the representation contained in the prospectus, was put in issue, as we have seen, by an affidavit which was as clear, broad and explicit as the statement of claim itself. We have no right to assume, as is suggested in the argument of plaintiff's counsel, that the Normandie Apartment House Company is a " Pennsylvania straw corporation," whatever that may be, " the entire capital of which is owned and controlled by the Quaker City Apartment House Company." We express no opinion as to what would be the effect of proof of such facts. It is sufficient for present purposes to say that if the defendant can prove the facts alleged by him and nothing is shown by the plaintiff to rebut the effect of such proof, he will have established a complete defense. As the case stands the plaintiff is asking to enforce a contract induced by a false statement which was not merely a misrepresentation of a fact but is one of the terms of the contract, a condition which it has not performed and is unable to perform. That this cannot be done is clear both upon reason and authority. See Manheim, etc., Plank Road Co. v. Arndt, 31 Pa. 317, Caley v. Phila. & Chester Co. R. R. Co., 80 Pa. 363, 368, Auburn Bolt & Nut Works v. Shultz, 143 Pa. 256, and Spellier Electric Time Co. v. Leedom, 149 Pa. 185.

Judgment reversed and procedendo awarded.